IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
|
CYRUS KAR,                            |
|
Plaintiff,              |
|
v.                                    |     No. 07-cv-00984-JR
|
DONALD RUMSFELD, et al.,              |
|
Defendants.             |
_____|

## DEFENDANTS' OBJECTION TO PLAINTIFF'S NOTICE OF RELATED CASE

Plaintiff Cyrus Kar has filed a Notice of Related Case (Docket No. 2) contending that this case is related to a habeas petition filed and dismissed by plaintiff in 2005. Because the habeas petition has been dismissed and the instant case does not involve the same parties and the same subject matter as the habeas petition, plaintiff has not met his burden of showing that this case is related to the habeas petition under Local Civil Rule 40.5(a)(4). Therefore, this Court should return this case to the Clerk for random reassignment.

## BACKGROUND

In July 2005, while plaintiff was allegedly detained in Iraq, he and several relatives claiming to be his "next friends" filed a habeas petition seeking his release. *See Kar v. Bush*, No. 05-1348 (D.D.C. filed July 6, 2005). This Court scheduled a hearing on the matter but subsequently cancelled the hearing because plaintiff had been released. *See Kar v. Bush*, No. 05-1348 (D.D.C. July 11, 2005) (minute order cancelling hearing and vacating order to show cause). After this Court threatened to dismiss the petition as moot, *see Kar v. Bush*, No. 05-1348 (D.D.C. Dec. 6, 2005), plaintiff filed a notice of voluntary dismissal, *see* Notice of Voluntary Dismissal, *Kar v. Bush*, No.

05-1348 (D.D.C. Dec. 19, 2005).

In 2006, plaintiff filed a civil suit in the Central District of California seeking money damages from individual federal employees for asserted violations of the Constitution and international law during his detention in Iraq.  *See* Compl. ¶¶ 1, 79-107, *Kar v. Rumsfeld*, No. 06-4281 (C.D. Cal. filed July 7, 2006).  The suit also sought a declaration that certain alleged policies were unlawful.  *See id.*  After the defendants filed comprehensive motions to dismiss, plaintiff voluntarily dismissed his claims and stated that he would refile in another forum in light of concerns over personal jurisdiction.  *See* Notice of Voluntary Dismissal, *Kar v. Rumsfeld*, No. 06-4281 (C.D. Cal. Dec. 5, 2006).

Plaintiff has now filed the instant suit, in which he seeks money damages and declaratory relief from some but not all of the defendants named in his previous civil action.  *See* Compl. ¶ 3, *Kar v. Rumsfeld*, No. 07-984 (D.D.C. May 29, 2007).  Plaintiff claims that his apprehension and detention in Iraq violated his rights under the Constitution and international law.  *See id.* ¶¶ 68-107. Plaintiff has also filed a notice in which he contends that this case is related to the prior habeas petition.  Defendants object to that notice pursuant to Local Rule 40.5(b)(2).

## DISCUSSION

Cases in this District are randomly assigned as a general rule.  *See* LCvR 40.3(a).

> The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process. The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping.

*Tripp v. Executive Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000).  Therefore, a party seeking to avoid random assignment bears the burden of showing that the cases are "related" under

Local Civil Rule 40.5, which carves out specifically enumerated exceptions to the general rule. *See*

*Dale v. Executive Office of President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000).

None of the exceptions enumerated in Rule 40.5 applies to this case. Plaintiff concedes, as

he must, that his habeas petition is no longer "pending on the merits" as would be required to deem

this case related under any provision of Rule 40.5(a)(3). *See* Notice of Related Case (Docket No.

2). Nor is this case related to the habeas petition under Rule 40.5(a)(4), the "less common relation

provision," *Doe v. von Eschenbach*, No. 06-2131, 2007 WL 1655881, at *2 (D.D.C. June 7, 2007).

Rule 40.5(a)(4) provides that cases "shall be deemed related where a case is dismissed, with

prejudice or without, and a second case is filed involving the *same parties* and relating to the *same*

*subject matter*." LCvR 40.5(a)(4) (emphasis added). This rule "has been interpreted strictly."

*Judicial Watch, Inc. v. Rossotti*, No. 02-928, 2002 WL 31100839, at *1 (D.D.C. Aug. 2, 2002).

When a prior case has already been dismissed, "in order for a plaintiff to claim that the instant case

is related the identities of the parties must be *identical*." *Id.* (emphasis added); *see also Thomas v.*

*Nat'l Football League Players Ass'n*, No. 91-3332, 1992 WL 43121, at *1 (D.D.C. Feb. 18, 1992)

("'The same parties' means identical parties, not parties in interest.").

The parties in the instant case are not identical to the parties to plaintiff's habeas petition.

The only party common to both cases is plaintiff. Two of the respondents to plaintiff's habeas

petition—President George W. Bush and Secretary of the Army Francis J. Harvey—are not

defendants in this suit, and two of the current defendants—General George Casey and Major General

William Brandenburg—were not respondents to the habeas petition.[1] Even if there were some

---

[1]     Plaintiff designated former Secretary Rumsfeld as a respondent in his habeas petition. However, Secretary Rumsfeld was a respondent to the habeas petition not as an individual, but by virtue of his capacity as a purported custodian of plaintiff, *see* 28 U.S.C. §§ 2242-43. In the current suit, Secretary Rumsfeld is a defendant in his individual capacity only; as a former federal official,

overlap between the defendants in the current suit and the respondents to plaintiff's habeas petition—and there is no such overlap—the parties would still not be identical as required by Rule 40.5(a)(4). In *Judicial Watch*, for instance, an earlier case had listed several federal agencies as defendants. *See* 2002 WL 31100839, at *1. The subsequent, purportedly related case named several, but not all, of the same federal agencies. *See id.* Notwithstanding that some of the defendant agencies were common to both suits, and notwithstanding that the real party in interest in a suit against a federal agency is the United States, this Court ruled that the parties were not identical and, accordingly, that the cases were not related. *Id.*

The instant case also fails to meet the requirements of Rule 40.5(a)(4) because it does not relate to the "same subject matter" as the habeas petition. Whereas the habeas case focused on whether plaintiff could continue to be detained, plaintiff's new case seeks retrospective tort damages and prospective declaratory relief and thus hinges on (at least at this stage) issues of immunity, justiciability, and other issues unrelated to the propriety of habeas relief. *See generally* 28 U.S.C. § 2679 (absolute immunity); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) (qualified immunity); *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (justiciability). And while the cases share some relevant factual allegations in common, plaintiff's new lawsuit hinges on factual allegations not at all relevant

---

he has no official capacity in which he could release an individual from custody or give effect to declaratory or injunctive relief. *See In re Iraq & Afghanistan Detainees Litig.*, 479 F. Supp. 2d 85, 118-19 (D.D.C. 2007), *appeal docketed sub nom. Ali v. Rumsfeld*, No. 07-5178 (D.C. Cir. May 31, 2007). *See generally Kentucky v. Graham*, 473 U.S. 159, 165-66 & nn.10-11 (1985). Plaintiff has also named Secretary Rumsfeld's successor in office, Robert Gates, as an official-capacity defendant. In an official-capacity suit against Secretary Gates, the real party in interest is the government entity of which he is an agent, i.e., the United States. *See Graham*, 473 U.S. at 166 & n.11. Likewise, when Secretary Rumsfeld was in office, the real party in interest in official-capacity suits against him was the United States. *Id.* As discussed above, however, Local Rule 40.5(a)(4) requires "'identical parties, not parties in interest.'" *Judicial Watch*, 2002 WL 31100839, at *1 (quoting *Thomas*, 1992 WL 43121, at *1).

in the habeas context, including the particular acts of each individual defendant and the existence (or lack thereof) of an real and imminent prospective harm. *See Lyons*, 461 U.S. 95; *Int'l Action Ctr. v. United States*, 365 F.3d 20, 27 (D.C. Cir. 2004). Thus, although both cases arise in a general sense from plaintiff's detention, the legal and factual issues presented by the two cases are quite different.

Finally, designating the new case as "related" to plaintiff's habeas petition advances none of the "considerations of judicial efficiency" that underlie specific exceptions to the random assignment rule enumerated in Rule 40.5(a), *see Tripp*, 196 F.R.D. at 202. The exceptions enumerated in Rule 40.5(a) cover those instances in which separate handling of cases presenting the same factual and legal issues would ordinarily "prove wasteful of time and resources." *Id.* Plaintiff voluntarily dismissed his habeas case before respondents were required to respond in any fashion and well before the parties joined issue on the justiciability or merits of plaintiff's petition. *See Kar v. Bush*, No. 05-1348 (D.D.C. July 11, 2005) (minute order cancelling hearing and vacating order to show cause); Notice of Voluntary Dismissal, *Kar v. Bush*, No. 05-1348 (D.D.C. Dec. 19, 2005). Thus, no particular judge has been required to become deeply familiar with the factual allegations and legal issues raised by that petition, and no particular judge is in a uniquely advantageous position to handle plaintiff's new case most efficiently. Plaintiff's designation of his new case as related to his habeas petition is therefore inconsistent with both the technical requirements and the spirit of Rule 40.5, and the general rule of random assignment of cases governs.

## CONCLUSION

For the foregoing reasons, this Court should find that this case is not related to plaintiff's habeas petition and should return this case to the Clerk for random reassignment.

Dated: August 1, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

TIMOTHY P. GARREN
Director, Torts Branch

MARY HAMPTON MASON (DC Bar # 4274671)
Senior Trial Attorney, Torts Branch


_/s/_ _____
ZACHARY C. RICHTER (Texas Bar # 24041773)
Trial Attorney, Torts Branch
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
(202)616-4199 (phone)
(202)616-4314 (fax)
Zachary.Richter@usdoj.gov

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing document on counsel for plaintiff through this

Court's Electronic Case Filing system pursuant to LCvR 5.4(d)(1) and by mailing a copy to

plaintiff's counsel at the following address:

> Arthur B. Spitzer
> American Civil Liberties Union
> 1400 20th Street, NW
> Suite 119
> Washington, DC  20036

Dated:  August 1, 2007

_____
_/s/_
ZACHARY C. RICHTER
Attorney for Defendants

6